# Richmond.

## STEPHEN BENNETT V. COMMONWEALTH.

### January 18, 1923.

1. JURY—*Drawing Venire—Judge Failing by Inadvertence to Designate a Commissioner in Chancery.*—In the instant case, a prosecution for malicious shooting, it was held that it was not error for the clerk of the court to draw the *venire* in the presence of two reputable citizens, it appearing that the judge of the circuit court, by inadvertence, had failed to designate a commissioner in chancery whom the statute required the clerk to notify that his attendance at the drawing of the *venire* was desired, before he was authorized to conduct the drawing in the presence of two reputable citizens.

2. ASSAULT AND BATTERY—*Malicious Shooting—New Trial—Verdict Contrary to the Law and the Evidence—Case at Bar.*—In the instant case, a prosecution for malicious shooting, accused moved to set aside the verdict of guilty on the ground that it was contrary to the law and the evidence. The Commonwealth relied solely upon the testimony of the prosecutrix, whose testimony was not only contradicted by the evidence introduced on behalf of the accused, but also by statements made by her prior to the trial that she did not know who had shot her. While testifying as a witness, she admitted making the statements that she did not know who shot her and that she had never charged the accused with the shooting until some time after she was taken to the hospital, but testified positively that the accused came up to her and asked her "an unfair question," and upon her threatening to tell her husband, shot her.

   *Held:* That the credibility of the witnesses and the conflicts in the testimony were questions for the jury, and that their findings were conclusive upon the Supreme Court of Appeals.

Error to a judgment of the Circuit Court of Warwick county.

*Affirmed.*

The opinion states the case.

*W. E. Hogg* and *J. T. Newsome,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr.,
Assistant Attorney-General,* and *Leon M. Bazile, Second
Assistant Attorney-General,* for the Commonwealth.

WEST, J., delivered the opinion of the court.

This writ of error is to a verdict and judgment sentencing Stephen Bennett, the accused, to the penitentiary for ten years, for malicious shooting with intent to kill.

[1] The accused assigns as error the court's refusal to quash the writ of *venire facias,* the list accompanying said writ and the sheriff's return thereon.

The question raised by this assignment of error is fully discussed and considered in an opinion handed down today in the case of *R. W. Lee* v. *Commonwealth, post* p. 572, 115 S. E. 671, and for the reasons therein stated we must hold that it was not error for the clerk of the court to draw the *venire* in the presence of two reputable citizens, it appearing that the judge of the circuit court, by inadvertence, had failed to designate a commissioner in chancery whom the statute required the clerk to notify that his attendance at the drawing of the *venire* was desired, before he was authorized to conduct the drawing in the presence of two reputable citizens.

[2] The remaining assignment of error is to the action of the court in overruling the motion to set aside the verdict on the ground that it is contrary to the law and the evidence.

It is admitted that the prosecutrix, Rosetta Combs, on March 9, 1921, was shot on the left side of her abdomen while in the woods about seventy-five or 100 yards from her home getting wood. The theory of the Commonwealth is that she was shot by the accused, while the

theory of the defense is that she was shot by some person to her unknown.   The Commonwealth relies solely upon the testimony of the prosecutrix.   After being shot she returned home, but gave no outcry to her neighbors, several of whom lived within 200 or 300 yards of her house.   About an hour later Emanuel Washington came through the yard and Rosetta inquired of the whereabouts of her husband, Willie Combs, who left home that morning and had not returned.   Washington told her he thought her husband was at the store and she requested him to tell Willie to come home, that she was "shot to death."   In reply to a question from Washington she stated she was in the woods getting wood when a gun fired and a bullet struck her, but that she did not see any one and did not know who shot her.   A few minutes later Dicie Taliaferro and Maria Carter came to see her and she told them, in reply to questions, she did not know who shot her; that she was getting wood when the gun fired and did not see any one.   Later her husband came and she told him, in the presence of Eugene Brooks, she was in the woods getting wood and some one shot her, but that she did not see any one and did not know who shot her.

While testifying as a witness in the case she admitted making the statements above set forth, to the parties aforesaid, but testified that she was in the woods getting wood and the accused came up to her and asked her "an unfair question," and she told him "No," and he said, "If you don't I will shoot you," and she told him she was going to tell her husband, and he said "You will not," and shot her in the left side of her stomach.   She admitted further that she never charged the accused with the shooting until some time after she was taken to the hospital, and did not mention his name to her husband until she was about well.

The accused testified that he went to James Dubrie's the morning of the day of the shooting and stayed until two o'clock p. m.; then walked up to Crafford's store for about twenty minutes and then went home—and after cutting and carrying some wood into the house, went to work, grubbing near the house, and grubbed continuously until he heard that Rosetta was shot; that he did not shoot her and did not know who shot her.

James Dubrie, a witness for the defense, corroborated the testimony of the accused as to where he was on the day the shooting occurred.

While the testimony relied on by the Commonwealth is not only contradicted by the evidence introduced on behalf of the accused, but also by statements made by the prosecuting witness, Bettie Combs, prior to the trial, yet the credibility of the witnesses and the conflicts in the testimony were questions for the jury, and their findings are conclusive upon this court.

For the foregoing reasons the judgment will be affirmed.

*Affirmed.*