## Wytheville

CHARLES D. MAHONE AND C. DABNEY MAHONE, JR.,
PARTNERS TRADING AS C. D. MAHONE & SON, v.
LUTHER MILLER, AN INFANT WHO SUES BY
SOPHIA MILLER, HIS NEXT FRIEND.

June 14, 1923.

MASTER AND SERVANT—*Action Against Master and Servant for Injuries by
Automobile Driven by Servant—Question of Relationship of Master and
Servant for Jury.*—In the instant case, an action by plaintiff for in-
juries sustained when struck by an automobile, the liability of the·
defendants depended upon whether or not their codefendant, the
driver of the automobile, was in their employ at the time of the
accident. The evidence upon this point was conflicting, and the jury
were fairly and fully instructed as to the law.

*Held:* That the conflicts in the testimony and the credibility of the·
witnesses were questions for the jury, and their finding was conclu-
sive, and the judgment thereon could not be reversed unless it was
plainly wrong or without evidence to support it.

Error to a judgment of the Court of Law and Chan-
cery of the city of Norfolk, in an action of trespass on
the case. Judgment for plaintiff. Defendants assign
error.

*Affirmed.*

The opinion states the case.

*John N. Sebrell, Jr.,* for the defendant in error.

*Lucian B. Cox* and *Jas. G. Martin,* for the plaintiffs in
error.

WEST, J., delivered the opinion of the court.

Luther Miller obtained a judgment for $2,000 against Bergen Lockhart and Charles D. Mahone and C. Dabney Mahone, Jr., partners trading as C. D. Mahone & Son.   C. D. Mahone & Son assign error.

On April 18, 1921, an automobile driven by Bergen Lockhart ran upon the sidewalk on Church street, in the city of Norfolk, and struck Miller and broke his leg.   It is admitted that there is ample evidence to support a verdict against Bergen Lockhart for negligently operating the car and injuring Miller.   But C. D. Mahone & Son complain that the court erred in entering the judgment against them.

The plaintiff alleges that Bergen Lockhart, at the time of the injury, was the servant of Mahone & Son in the prosecution of their business, and acting within the scope of his employment.   The contention of Mahone & Son is that there was no evidence to support these allegations.

Viewing the evidence from the standpoint of the plaintiff, we find these facts:

Bergen Lockhart had previously worked for Mahone & Son.   On the day of the accident, Mahone & Son were in need of another man, and Bergen Lockhart was out looking for a job.   C. D. Mahone, Sr., regarded his firm as the owner of the car, and just before the accident occurred, Lockhart drove Mahone in this car to Mahone's office.   Mahone got out and Lockhart proceeded down the street for a short distance to get "some more air," and was returning towards Mahone's office when the accident occurred.   The automobile was registered in the name of the Mahones as owners, at the office of the Secretary of the Commonwealth.   Lockhart reported the accident to Mahone, Sr., immediately, and Mahone came and took the car to his own place of business.   On Monday following the injury, the name

"Lockhart" appeared on the time book and payroll of Mahone & Son. Mahone, Sr., admitted to Paul Jones, that Bergen Lockhart was in the employ of his firm and about this work at the time of the accident, and was never known to deny it until after this suit for damages had been instituted against them. The mother of the injured boy was employed by the Salvation Army in Norfolk. Several days after the accident, during which it may be inferred that he had discussed the matter with his partner, Mahone, Jr., Mahone, Sr., called on Paul Jones, adjutant of the Salvation Army, and stated he was sorry the Miller boy was injured, and was willing to make a compromise settlement, and asked Jones to intercede with Mrs. Miller, the boy's mother, in his behalf.

Paul Jones testified, in part, as follows:

"Q. Will you please state to the jury exactly what Mr. Mahone said?

"A. As far as I know, several days after the accident, Mr. Mahone, Sr., came to me and said that he was sorry that the accident happened; that while the machine belonged to the other boy, he was employed—he was in his employ—and he would like to settle this without making any trouble.

"Q. * * You say he said that while the automobile belonged to the other fellow he was about his work?

"A. Yes.

"Q. What did he say as to whose work was being done?

"A. He said the boy was employed by him, but the machine did not belong to him but to the boy; that he was sorry about it and he was willing to compromise without having any trouble, and he asked me to intercede with Mrs. Miller and speak to her about the matter.

\*    \*    \*    \*    \*    \*    \*

"Q. What was the occasion, if you can recall, for his stating that the boy who was running the car was working for him?

"A. I really don't know. I didn't ask him any questions. He simply voluntarily made that statement.

\*     \*     \*     \*     \*     \*

"Q. He came to get you to see Mrs. Miller to see if she would not settle without any litigation?

"A. Yes, sir."

When viewed from the standpoint of the defendants, the record discloses evidence which, if believed, tends to prove the following facts:

On February 1, 1921, an automobile was registered on the automobile records of the city of Norfolk in the name of John Lockhart, a brother of Bergen Lockhart, as owner; that Mahone, Jr., had, prior to that date, sold the car to John Lockhart, who gave him his note for it; that on the day of the accident, neither John nor Bergen Lockhart was drawing any pay from the Mahones; that Bergen had not been employed by them for several months; that John Lockhart was employed by them about two weeks prior to the accident, and came back into their employ the week after the accident.

Mahone, Sr., testifying in his own behalf at the trial, stated that Bergen Lockhart was not in the employ of Mahone & Son at the time of the accident.

The jury were fairly and fully instructed by the court as follows:

"The court instructs the jury that before the plaintiff can recover against the Mahones the plaintiff has to prove by a preponderance of the evidence that at the time of the accident the driver of the automobile was employed by the Mahones as their agent and that he was driving the automobile on their business in the scope of his employment."

If the jury believed the statement of Mahone, Sr., made to Paul Jones, that Bergen Lockhart was in the employ of Mahone & Son at the time of the accident, and if, from that statement and the circumstances shown in evidence, the jury were convinced that the driver was about the Mahones' business at the time of the injury, and acting within the scope of his employment, then they were justified in returning a verdict for the plaintiff. If, on the other hand, they believed his statement made on the witness stand, that Bergen Lockhart was not in their employ at the time of the injury, then they should have returned a verdict for the defendants. The conflicts in the testimony and the credibility of the witnesses were questions for the jury, and their finding is conclusive upon this court.

In the case of *Bennett* v. *Commonwealth*, 135 Va. 476, 115 S. E. 678, the Commonwealth relied upon the testimony of the prosecutrix, which was contradicted not only by the evidence introduced on behalf of the accused, but also by statements made many times by the prosecutrix prior to the trial. The court refused to disturb the verdict of the jury, convicting the accused and fixing his punishment at ten years in the penitentiary, on the ground that the credibility of the witnesses and the conflicts in the testimony were questions for the jury, and that their findings were conclusive on the court.

We know of no reason why this rule should be relaxed in a civil action where the plaintiff is required to prove his case only by a preponderance of the evidence. The trial judge, like the jury, heard the witnesses testify and saw their demeanor on the stand, and refused to disturb their verdict.

Recognizing our obligations to the law, we cannot say that the judgment is plainly wrong or without evidence to support it. It must be affirmed.

*Affirmed.*